UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMANTHA MCNEAL,

    Plaintiff,

v.                                    Case No.:  2:21-cv-711-SPC-NPM

WALMART STORES EAST, LP,

    Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Walmart Stores East, LP's Motion for Final Summary Judgment. (Doc. 33). Plaintiff Samantha McNeal responded in opposition (Doc. 43) and Walmart replied (Doc. 44). Also before the Court are two related motions: (1) Walmart's Motion in Limine to Limit the Testimony of Plaintiff's Treating Physicians (Doc. 32) and (2) Walmart's Motion to Strike Notice of Expert Witnesses (Doc. 35). McNeal responded in opposition to Walmart's Motion in Limine. (Doc. 38). McNeal did not respond to Walmart's Motion to Strike. All three motions raise a common argument regarding McNeal's disclosure and use of treating physicians to establish

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

causation. The Court grants summary judgment and denies the other motions as moot.

## DISCUSSION

This is a slip-and-fall case. In January 2021, McNeal went to Walmart. While walking down the aisle containing cleaning supplies, she slipped and, as McNeal described, "the bottom part of my left leg went one way, and the top part of my left leg went the opposite direction . . . So I had to gently try and get myself down to the ground." (Doc. 33-1 at 40).

It is unclear what McNeal slipped on or how long it was on the floor before she fell. McNeal alleges it was liquid dish soap based on the statements of Walmart employees shortly after the fall. (Doc. 33-1 at 44). From her review of the photographs of the area taken after the fall, McNeal also posits it "[l]ooks like somebody walked through [the dish soap] already before I got there, somebody else's shoe prints because they're not mine. I was wearing sandals." (Doc. 33-1 at 47). McNeal did not see the substance on the ground before she slipped, nor did she notice it when she stood up to get onto a stretcher. (Doc. 33-1 at 37, 49-50). McNeal's knowledge of the footprint is based on her review of photographs, which were taken after her fall.

Walmart CCTV footage shows the fall, as well as about one hour before and one hour after the incident. (Doc. 33-2). The footage shows more than a hundred customers walking down the aisle prior to McNeal's fall, and about

2

half of these customers walk down the side of the aisle where McNeal fell. Six Walmart employees walk down that aisle prior to the fall. And in the ten minutes preceding the fall, seven customers walk right over the spot where McNeal fell. One of these customers—who passes down the aisle seven minutes before the fall—looks down at either the floor or a low shelf and then raises her arm as though in greeting. She is talking on the phone and continues to do so as she makes her way down the aisle.

McNeal claims she injured her left knee because of the fall and sues Walmart for negligence. (Doc. 16). Now, Walmart moves for summary judgment.

## LEGAL STANDARD

Sitting in diversity, the Court applies Florida substantive law and federal procedural law. *Global Quest, LLC v. Horizon Yachts Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a material fact is in genuine dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show a lack of genuinely disputed material fact. *Clark v. Coats & Clark,* 929 F.2d 604, 608 (11th Cir. 1991). If carried, the burden shifts to the nonmoving party to point out a genuine dispute. *Id.* At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida,* 285 F.3d 1339, 1341-42 (11th Cir. 2002).

An inference deduced from the evidence must be "reasonable" to create a genuine dispute of material fact. *Berbridge v. Sam's E., Inc.,* 728 F. App'x 929, 932 (11th Cir. 2018) (citing *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982)). To be reasonable, the inference needs to be more than "a guess or mere possibility." *Id.* Florida state courts guard against unreasonable inferences by prohibiting "inference stacking," the practice of making an inference "which has been superimposed upon an initial inference supported by circumstantial evidence." *Little v. Publix Supermarkets, Inc.,* 234 So. 2d 132, 134 (Fla. Dist. Ct. App. 1970) (citing *Voelker v. Combined Ins. Co. of Am.,* 73 So. 2d 403 (Fla. 1954)). While federal courts do not prohibit inference stacking,[2] the more inferences are stacked upon one another, the less likely it is that the resulting conclusion is one that "reasonable and fair-minded

---

[2] *Berbridge v. Sam's E., Inc.,* 728 F. App'x 929, 932 (11th Cir. 2018) (explaining that while federal courts are not bound to apply state law rules against inference stacking, state court decisions on summary judgment "may still be highly informative" and "[federal courts] aim to reach the same result that the Florida courts would reach based on the same facts").

[people] in the exercise of impartial judgment might draw from the evidence." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1326 (11th Cir. 1982).

## DISCUSSION

Slip and falls are a form of negligence, so plaintiffs must show duty, breach, causation, and damages. *Oliver v. Winn-Dixie Stores, Inc.*, 291 So. 3d 126, 128 (Fla. Dist. Ct. App. 2020). Businesses owe invitees two duties: (1) to keep the premises reasonably safe, and (2) to warn of dangers the business knew (or should have known) about that the invitee could not discover. *Norman v. DCI Biologicals Dunedin, LLC*, 301 So. 3d 425, 428 (Fla. Dist. Ct. App. 2020). In premises liability cases, a business must have "actual or constructive knowledge of the dangerous condition." Fla. Stat. § 768.0755(1). The burden is on the plaintiff to show actual or constructive notice. *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. Dist. Ct. App. 2017).

"Actual knowledge of a dangerous condition exists when a business owner's employees or agents know of or create the dangerous condition." *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1010 (11th Cir. 2019) (citing *Barbour v. Brinker Fla., Inc.*, 801 S. 2d 953, 957 (Fla. Dist. Ct. App. 2001). McNeal does not allege that Walmart had actual notice of the substance on the floor (hereinafter referred to as "dish soap" for simplicity). (Doc. 43).

5

And no evidence before the Court supports a reasonable inference that Walmart had actual notice, so actual notice is not at issue.

This leaves constructive notice. Plaintiffs can demonstrate that a defendant had constructive notice by showing one of two things:

> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755(1)(a)-(b).

McNeal does not argue that the condition occurred with such regularity that it was foreseeable. She argues only as to the first prong of Fla. Stat. § 768.0755(1)—that the dish soap was on the floor for long enough that Walmart should have known. McNeal alleges that she has presented sufficient evidence to support constructive notice because: (1) about seven minutes before McNeal's fall, a customer "looks down at the floor . . . moves out of the way in an attempt to avoid something, then attempts to wave down what is believed to be a Wal Mart employee," (2) there is a footprint in the dish soap (as seen in photos taken post-fall) that does not belong to McNeal, and (3) no Walmart employee walks down the aisle in the hour before the fall. (Doc. 43). None of these arguments, either separately or in combination, are sufficient to create a genuine dispute of material fact.

## A. Constructive Notice

A slip and fall plaintiff seeking to avoid summary judgment must put forth evidence of how long the dangerous condition existed before the fall. Without any such evidence, there is no genuine dispute of material fact. *Hernandez v. Walmart Stores, Inc.,* No. 21-cv-20861, 2022 WL 1642814, at *3 (S.D. Fla. Apr. 28, 2022) (citing *Palavicini v. Wal-Mart Stores, E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019)) ("If a plaintiff does not identify evidence to suggest the length of time that the liquid was on the floor . . . there is no genuine dispute of material fact and a defendant is entitled to summary judgment").[3]

### 1. *The Waving Customer*

McNeal argues that her interpretation of the CCTV footage establishes a timeline for how long the dish soap was on the floor. McNeal cites a customer's behavior about seven minutes before the fall as indicating the customer noticed the spill. There are two problems with this argument. First,

---

[3] *See also Espinoza v. Target Corp.*, 843 F. App'x 168, 172 (11th Cir. 2021) ("The spill could have occurred moments after [the employee] left the aisle, moments before [plaintiff] fell, or any time in between. [Plaintiff] can only speculate when the spill occurred. But 'speculation [is] insufficient to create a genuine issue of material fact'" (internal citations omitted)); *Palavicini v. Wal-Mart Stores E., LP,* 787 F. App'x 1007, 1013 (11th Cir. 2019) ("The mere presence of water on the floor is not enough to establish constructive notice—rather, the record must contain additional facts to create a permissible inference regarding the amount of time the water had been on the floor") (internal citations omitted); *Granela v. Wal-Mart Stores E., L.P.,* No. 1:19-cv-23726, 2021 WL 768271, at *4 (S. D. Fla. Feb. 26, 2021) ("A reasonable jury would thus be left to speculate as to the length of time the water was on the floor, whether moments, minutes, or hours; however, speculation is insufficient to create a genuine issue of material fact" (internal citations omitted)).

it requires McNeal's interpretation of the CCTV footage to be a reasonable inference. Second, it requires seven minutes to be long enough for constructive notice. Neither proposition is accurate.

Even viewing all facts and drawing all reasonable inferences in the light most favorable to McNeal, there is simply not enough information to reasonably infer when the dish soap got onto the floor. The waving customer could have stopped to wave because she saw dish soap on the floor, but this is only a "guess or possibility"—not a reasonable inference. *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982). The customer is talking on the phone and could have been gesticulating in accordance with that conversation. Moreover, the person she "attempts to wave down" (according to McNeal) does not, in fact, appear to be a Walmart employee, as he is not wearing the signature blue vest. "Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1181 (11th Cir. 2005) (citing *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931-32 (7th Cir. 1995)).[4]

---

[4] *See also Espinoza v. Target Corp.,* 843 F. App'x 168, 173 (11th Cir. 2021) (despite the plaintiff's claims that the milk must have been on the floor for quite some time because no employee had inspected the area for at least 30 minutes, the spill was large, and the milk was warm when she fell in it, "a jury could only speculate about how long the milk had been on the floor. Although we are required to draw all reasonable inferences in [plaintiff's] favor, 'an inference based on speculation and conjecture is not reasonable'" (citing *Ave. CLO Fund, Ltd. v. Bank of Am., N.A.,* 723 F.3d 1287, 1294 (11th Cir. 2013)).

Additionally, between this customer's "wave" and McNeal's fall, at least five customers walk down the side of the aisle where McNeal fell. These other customers do not slip or give any indication of having noticed dish soap on the floor. None attempt to summon a Walmart employee. On these facts, McNeal's interpretation of the CCTV footage—that it depicts a customer noticing the dish soap and attempting to wave down a Walmart employee—is not a reasonable inference. It is instead a mere "guess or possibility."

Even if the Court accepted McNeal's interpretation of the CCTV footage as reasonable (thereby establishing that the dish soap was on the floor seven minutes before McNeal's fall), seven minutes is insufficient to establish constructive notice.

There is no bright-line length of time which establishes constructive notice. *Lebron v. Royal Caribbean Cruises, Ltd.,* 818 F. App'x 918, 921 (11th Cir. 2020). But case law provides some guidance for how long a condition must be present. In general, ten minutes or less is insufficient, whereas fifteen to twenty minutes is sufficient. See *Hill v. Ross Dress for Less*, No. 12–23368–CIV, 2013 WL 6190435, at *4 (S.D. Fla. Nov. 26, 2013) (finding fifteen to twenty minutes to be generally accepted to provide constructive notice); *D'Antonio v. Royal Caribbean Cruise Line, Ltd.,* 785 F. App'x 794, 798 (11th Cir. 2019) (finding eighteen minutes to be long enough to provide constructive notice); *Hernandez v. Sam's E., Inc.,* No. 20-CV-61648, 2021 WL 1647887, at

9

\*3 (S.D. Fla. Apr. 26, 2021) (finding 10 minutes or less is insufficient for constructive notice); *Straube v. Moran Foods, LLC,* No. 8:16–cv–49–T–24, 2016 WL 6246539, at \*2 (M.D. Fla. Oct. 25, 2016) (finding seven and a half minutes is insufficient for constructive notice); *Russo v. Moran Foods,* No. 2:17-CV-14314, 2018 WL 2694535, at \*3 (S.D. Fla. Apr. 6, 2018) (finding five minutes is insufficient for constructive notice); *Walker v. Winn-Dixie,* 160 So. 3d 909, 912 (Fla. Dist. Ct. App. 2014) (finding four minutes is insufficient for constructive notice).[5]

By asking the Court to find Walmart had constructive knowledge of the dish soap on the floor sufficient to survive summary judgment, McNeal is asking for two levels of inferences. First, she is asking the Court to find it is reasonable to infer that the waving customer waved because she saw dish soap on the floor. Second, she is asking the Court to find that seven minutes is long enough to establish constructive notice, despite case law indicating that anything under ten minutes is insufficient. The Court declines to stack these inferences.

---

[5] McNeal invites the Court to consider *Lebron v. Royal Caribbean Cruises, Ltd.,* 818 F. App'x 918 (11th Cir. 2020) for the proposition that "the Eleventh Circuit has found that a period as short as ten minutes may be sufficient to put a defendant on constructive notice of a dangerous condition." (Doc. 43). First, ten minutes is not seven minutes. Additionally, the appellate court held that a factfinder could conclude a defendant employee should have known about gouges in ice since they were visible to a lay guest 10-15 minutes before the fall, the employee was near the ice at the time, and the employee was tasked with monitoring the ice's condition. 818 F. App'x at 922. There is no evidence of any of those conditions here.

10

*2. The Unidentified Footprint*

McNeal next argues the dish soap was on the floor long enough for constructive notice because of the footprint in the dish soap. Photographs of the floor taken after the fall show a footprint in the dish soap which McNeal says is not hers. McNeal cites *Palavicini v. Wal-Mart Stores, E., LP,* 787 F. App'x 1007, 1012 (11th Cir. 2019) for the proposition that evidence such as "footprints, prior track marks, changes in consistency, [or] drying of the liquid" have "tend[ed] to show that the liquid was on the floor for an amount of time sufficient to impute constructive notice."

There are two problems with McNeal's footprint argument. First, there is no evidence that the footprint existed before McNeal's fall. Courts have historically been hesitant to credit footprint photographs taken after falls when the plaintiff does not know whether the footprint was present before the fall. *See Espinoza v. Target Corp.,* 843 F. App'x 168, 170 (11th Cir. 2021) (agreeing with the lower court's determination that "the footprint in the milk did not support an inference that Target had constructive notice of the puddle because the photograph containing the footprint was taken after other customers and paramedics had swarmed the area"); *Hernandez v. Walmart Stores, Inc.,* No. 21-cv-20861, 2022 WL 1642814, at *6 (S.D. Fla. Apr. 28, 2022) (finding insufficient evidence to support that Walmart had constructive knowledge based on the presence of "footprints or track marks" when

11

"[p]laintiff's only evidence of the alleged footprints or tracks through the water, then, consists of photographs . . . that were taken *after she fell*").[6] McNeal did not see the dish soap—or any footprint within—before her fall, nor immediately after. Her only source of information about this footprint is the post-fall photo of the area which could depict the footprint of someone who walked through the area after the fall, such as a Walmart employee responding to the situation.

Second, with McNeal's waving customer argument disposed of, there is no fact other than the footprint which would tend to establish how long the dish soap was on the floor, and at least one more supporting fact is necessary. Footprints in isolation do not establish constructive notice. *Hernandez v. Sam's E., Inc.,* 2021 WL 1647887, at *5 (collecting cases for the proposition that "courts have also found that the mere presence of footprints or marks, standing alone, may not constitute competent evidence tending to show the length of time that a substance has been on the floor"). McNeal needs additional facts tending to establish how long the dish soap was on the floor. *Sutton v. Wal-Mart Stores E., LP,* No. 21-80646-CV-MIDDLEBROOKS, 2021 WL 6620831, at *3 (S. D. Fla. Dec. 15, 2021) (citing *Encarnacion v. Lifemark Hosps. of Fla.*,

---

[6] *See also Hernandez v. Sam's E., Inc.,* No. 20-CV-61648, 2021 WL 1647887, at *5 (S.D. Fla. Apr. 26, 2021) (discrediting alleged "footprints" and "cart wheels" because "the record contains uncontroverted evidence that [the plaintiff] . . . did not see the liquid on the floor . . . [and] had no idea whether the prints or marks she observed after her fall were caused to be there before or after the liquid was spilled on the floor" (internal citations omitted)).

211 So. 3d 275, 278 (Fla. Dist. Ct. App. 2017)) (allegations that the grape on the floor was "dirty" and had "tracks" going through it could not establish constructive notice because "[such] testimony must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts").[7]

McNeal relies on the absence of Walmart employees as an "additional fact" to support her footprint argument. McNeal says there is "evidence that no Wal Mart [sic] passed through or inspected the area for at least an hour prior to Plaintiff's fall." (Doc. 43). But the CCTV footage shows various Walmart employees walking down the aisle at least six times in the hour and four minutes before McNeal's fall, with the latest one walking down the aisle at 12:13:03pm, about 30 minutes before the fall. This employee walks right through the area where the dish soap would have been if it had been there. So McNeal's allegation is factually inaccurate. *See Pourmoghani-Esfahani v. Gee,* 625 F.3d 1313, 1315 (11th Cir. 2010) (citing *Scott v. Harris,* 550 U.S. 372, 380 (2007)) ("When opposing parties tell two different stories, one of which is

---

[7] *See also Encarnacion v. Lifemark Hospitals of Fla.,* 211 So.3d 275, 278 (Fla. Dist. Ct. App. 2017) ("[Plaintiff's] belated testimony that the substance on the floor was 'oily,' 'dirty' and 'dark' even if true, as we must assume for our purposes here, is insufficient to create a jury issue. For such testimony to create a jury issue, the testimony must be accompanied by a 'plus,' namely some additional fact or facts from which a jury can reasonably conclude that the substance was on the floor long enough to have become discolored without assuming other facts, such as the substance, in its original condition, was not 'oily,' 'dirty' and 'dark'").

13

blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment").

McNeal invites the Court to equate the footprint and inspection situation here to *Norman v. DCI Biologicals Dunedin, LLC*, but the comparison is inapposite. 301 So. 3d 425 (Fla. Dist. Ct. App. 2020). Unlike the plaintiff in *Norman*, McNeal did not notice the footprint at all on-scene. But even assuming it is reasonable to believe—with no evidence—that the footprint preceded McNeal's fall, it is unreasonable to stack on the inference that the dish soap had been on the floor for any meaningful length of time. In contrast to *Norman*, all logical inferences cut *against* the dish soap being on the floor for a substantial period prior to McNeal's fall. The CCTV footage shows more than a hundred customers—and six Walmart employees—walk through that aisle in the hour before McNeal's fall, and more than half of those customers walk through the spot where McNeal fell. Yet, there is only one footprint, deposited at an unknown time. One customer walks through that area a mere three minutes before McNeal's fall (and does not appear to slip or notice anything unusual). To get to the conclusion McNeal wishes, any factfinder would have to "impermissibly pil[e] inferences upon inferences" and "engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility." *Feinman v. Target Corp.*, No. 11-62480-CIV, 2012 WL 6061745,

14

at n.4 (S.D. Fla. Dec. 6, 2012); *Daniels v. Twin Oaks Nursing Home,* 692 F.2d 1321, 1326 (11th Cir. 1982).

    3. *Regularity of Inspections*

Because McNeal's argument relies in part on a perceived failure of Walmart employees to perform aisle inspections, it is worth noting that mode of operation—the theory of liability under which a plaintiff can recover "by showing that a defendant failed to exercise reasonable care in selecting a mode of operation"—is no longer a valid theory of negligence liability. *Petigny v. Wal-Mart Stores E., L.P.,* No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018).

Additionally, a failure to conduct regular inspections or to inspect in accordance with established policy does not constitute constructive notice. *Borroto v. Wal-Mart Stores E., LP,* No. 2:19-cv-356-FtM-39NPM, 2020 WL 6591193, at *5 (M.D. Fla. Nov. 10, 2020) (citations omitted) ("[I]f no inspection occurred for over an hour, that is not enough to show constructive notice on its own"); *Assing v. Wal-Mart Stores E., LP,* No. 2:19-cv-904, 2021 WL 3664014, at *6 (M.D. Fla. Aug. 18, 2021) (citing *Espinoza v. Target Corp.,* 843 F. App'x 168, 172 (11th Cir. 2021)) ("[C]ourts have found that a failure to inspect does not establish constructive knowledge"); *Sutton v. Wal-Mart Stores E., LP,* No. 21-80646-CV-MIDDLEBROOKS, 2021 WL 6620831, at *3 (S. D. Fla. Dec. 15, 2021) (citing *Espinoza,* 843 F. App'x at 174) ("[T]he existence of an internal

15

safety policy—and a store's adherence (or lack thereof) to the policy—cannot be construed as evidence of [the store's] constructive knowledge of the dangerous condition"); *Strode v. Walmart Stores, Inc.,* No. 2:19-cv-669-JLB-NPM, 2021 WL 4125174, at *4-5 (M.D. Fla. Sept. 9, 2021) (citing *Espinoza,* 843 F. App'x at n.10) ("[E]vidence of Walmart's employees' mere failure to conduct an inspection, without more, will not carry the day for [plaintiff ] . . . an employee's failure to inspect an area or his noncompliance with an inspection policy may constitute circumstantial evidence in a slip-and-fall case, but only if it indicates how long a substance was on the floor").

For a failure to inspect to have any relevance, McNeal would first have to present evidence that Walmart employees failed to inspect or adhere to Walmart's inspection policies. The CCTV footage alone—which shows a Walmart employee walking directly through the applicable section of the aisle thirty minutes before the fall—does not meet that burden. And even if that initial hurdle had been cleared, McNeal would then have to present evidence that failing to inspect contributed to Walmart's constructive notice, which is to say that it helps establish a timeline for the presence of the dish soap on the floor. McNeal has not done this.

McNeal has not presented enough evidence to support a reasonable inference that Walmart had constructive notice of the dish soap. Whether in isolation or in combination, none of the three arguments put forth by McNeal—

the waving customer seven minutes before the fall, the footprint in the dish soap, or Walmart's failure to inspect the aisle—create a genuine dispute over the existence of constructive notice. And because McNeal has failed to show a genuine dispute as to constructive notice, her duty to warn negligence claim also fails. *Assing v. Wal-Mart Stores E., LP,* No. 2:19-cv-904, 2021 WL 3664014, at n.9 (M.D. Fla. Aug. 18, 2021) (citing *Dominguez v. Publix Super Mkts., Inc.,* 187 So. 3d 892, 894 (Fla. Dist. Ct. App. 2016)) ("Absent actual or constructive knowledge, any negligence claim premised on a failure to warn also fails").

**B. Causation: The Expert Disclosures**

While the Court's decision on Walmart's Motion for Summary Judgment moots any pending motions—including Walmart's Motion in Limine to Limit the Testimony of Plaintiff's Treating Physicians (Doc. 32) and Walmart's Motion to Strike Notice of Expert Witnesses (Doc. 35)—the Court would nonetheless like to briefly address them.

Walmart contends that McNeal failed to timely and properly disclose her non-retained experts, so Walmart was deprived of the opportunity to discover these experts' opinions and consider the retention of rebuttal experts. (Doc. 32 at 4-5). Walmart alleges that this case is indistinguishable from *Rodriguez v. Walmart Stores E., LP,* No. 2:20-cv-474, 2021 WL 4750087 (M.D. Fla. Oct. 12, 2021). The Court disagrees.

In the present case, it appears that Walmart has played "high-stakes chicken"—a practice the Court expressly cautioned against in *Rodriguez*. 2021 WL 4750087, at *6. Walmart silently waited for the deadlines for disclosure to pass, then filed several motions to exclude or limit the testimony of McNeal's non-retained causation expert(s) and rejected the opportunity to depose Dr. Samotin when it was offered by McNeal. (Doc. 38-3). Although it is not Walmart's burden to ensure that McNeal complies with discovery deadlines and procedures the Court cautions against playing "high-stakes chicken". *See Jones v. Discount Auto Parts, LLC,* No. 6:16-cv-138-Orl-37KRS, 2017 WL 1396477, at *8 (M.D. Fla. Apr. 19, 2017) (failing to exclude the plaintiff's expert on similar facts in part because although defendant claimed prejudice, it is "more likely" that defendant took a "calculated risk of lying in wait" and "the truth is [defendant] took a gamble, and the risk of loss was a known consequence").

Accordingly, it is now

**ORDERED:**

1. Defendant Walmart Stores East, LP's Motion for Final Summary Judgment (Doc. 33) is **GRANTED**.

2. Defendant Walmart Stores East, LP's Motion in Limine to Limit the Testimony of Plaintiff's Treating Physicians (Doc. 32) is **DENIED as moot**.

3. Defendant Walmart Stores East, LP's Motion to Strike Notice of Expert Witnesses (Doc. 35) is **DENIED as moot**.

4. The Clerk is **DIRECTED** to terminate any pending deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 10, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record